**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| LG ELECTRONICS INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>HITACHI, LTD.; )<br>HITACHI AUTOMOTIVE PRODUCTS (USA), INC.; )<br>CLARION CO., LTD.; )<br>CLARION CORPORATION OF AMERICA; and )<br>XANAVI INFORMATICS CORPORATION, )<br><br>Defendants. )<br><br>HITACHI, LTD.; )<br>HITACHI AUTOMOTIVE PRODUCTS (USA), INC.; )<br>CLARION CO., LTD.; )<br>CLARION CORPORATION OF AMERICA; and )<br>XANAVI INFORMATICS CORPORATION, )<br><br>Counterclaim Plaintiffs, )<br><br>v. )<br><br>LG ELECTRONICS INC., )<br><br>Counterclaim Defendant. )<br> | Case No. 5:07-CV-90 (DF)<br>The Honorable David J. Folsom |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY**
**UNDER 35 U.S.C. § 112 OF ASSERTED CLAIM 21 OF THE '096 PATENT**

## I.    Introduction.

Pursuant to Federal Rule of Civil Procedure 56, Local Rule 56, and the Scheduling Order, Defendants move for partial summary judgment of invalidity of asserted claim 21 of the '096 patent.  Claim 21 is invalid under 35 U.S.C. § 112 for four separate and distinct reasons, any one of which alone renders the claim invalid.  Specifically, claim 21 is invalid under § 112 because the "image size/position control means" clause[1] (1) lacks sufficient written description in the specification, (2) is indefinite, (3) lacks any enabling disclosure in the specification, and (4) fails to satisfy the "means-plus-function" requirements of § 112, ¶ 6.  There are no genuine issues of material fact relevant to the grounds for this Motion.  Accordingly, judgment of invalidity of claim 21 under § 112 should be granted in Defendants' favor.

## II.    Statement Of The Issues To Be Decided.

1.    Whether claim 21 is invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112, ¶ 1.

2.    Whether claim 21 is invalid under 35 U.S.C. § 112, ¶ 2 as indefinite because the specification does not disclose any operable structure that performs the recited functions of the "image size/position control means" limitation.

3.    Whether claim 21 is invalid for failure to satisfy the enablement requirement of 35 U.S.C. § 112, ¶ 1.

4.    Whether claim 21 is invalid for failure to satisfy the "means-plus-function" requirements of § 112, ¶ 6 with respect to the "pixel clock signal."  This fourth basis for invalidity under § 112 is addressed in Defendants' Supplemental Claim Construction Brief For Claim 21 Of The '096 Patent, filed January 26, 2009.  This is another, distinct basis for invalidity under § 112, ¶ 2 on which Defendants hereby move for summary judgment for the reasons set forth in Defendants' claim construction briefing.  This fourth basis is not further addressed in this brief.

---

[1]    Reed Decl., Ex. 2, '096 patent at claim 21:  "image size/position control means in electrical communication with said timing control means and responsive to said column start, row start, column replicate, and row replicate control signals and said first control signals for generating output column address control signals, output row address control signals for said memory system, and a pixel clock signal"

1

### III.    Statement Of Undisputed Material Facts.

1.    As construed by this Court, the image size/position control <u>unit</u> 39 depicted in Figure 8 of the '096 patent is the corresponding structure for the "image size/position control <u>means</u>" of claim 21.  *See* Reed Decl., Ex. 3, Claim Constr. Order Regarding U.S. Patent No. 5,790,096, D.E. 93 at 89 ("Order").

2.    The image size/position control unit 39 depicted in Figure 8 of the '096 patent does not and cannot carry out the functions recited in claim 21 as the claimed invention.  *See* Reed Decl., Ex. 1, Deposition of Jacques R. Hill, sole inventor of the '096 patent, at 30:11-19; 43:24-45:9; 47:24-48:17; 52:15-21; 52:22-53:22; 115:15-116:2; 118:5-119:8.

### IV.    Argument.

Summary judgment "is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998); Fed. R. Civ. P. 56(c).  To avoid summary judgment, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Summary judgment is especially appropriate where, as here, the motion presents purely legal questions.  *See Pannu v. Storz Instr., Inc.*, 258 F.3d 1366, 1370 (Fed. Cir. 2001) (affirming summary judgment of patent invalidity).

### A.    The '096 Patent Lacks a Sufficient Written Description.

Section 112 of the Patent Act requires that "[t]he specification shall contain a written description of the invention. …"  35 U.S.C. § 112, ¶ 1; *see also University of Rochester v. G. D. Searle & Co., Inc.*, 358 F.3d 916, 927 (Fed. Cir. 2004) (affirming a summary judgment of invalidity for lack of written description); *Lizard Tech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1346-47*; Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1160 (Fed. Cir. 1998) (reversing a denial of JMOL and finding a lack of written description).  This "written description" requirement is distinct from the enablement requirement.  *Univ. Of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 921 (Fed. Cir. 2004).  Whether the written description requirement is

2

satisfied is generally a question of fact. *Purdue Pharma L.P. v. Faulding Inc.*, 230 F.3d 1320,1329 (Fed. Cir. 2000). "The test for determining compliance with the written description requirement is whether the disclosure of the application as originally filed reasonably conveys to the artisan that the inventor had possession at that time of the later claimed subject matter." *In re Kaslow*, 707 F.2d 1366, 1375 (Fed. Cir. 1983).

> While the meaning of terms, phrases, or diagrams in a disclosure is to be explained or interpreted from the vantage point of one skilled in the art, ***all the limitations must appear in the specification***. The question is not whether a claimed invention is an obvious variant of that which is disclosed in the specification. Rather, a prior application itself must describe an invention, and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought.

*Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997) (emphasis added); *see also Regents of the Univ. of California v. Eli Lilly & Co.* 119 F.3d 1559, 1566 (Fed. Cir. 1997); *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. General Electric Co.*, 264 F.3d 1111, 1119 (Fed. Cir. 2001) ( "an embodiment may have been obvious from Brandon's vague reference to a 'spring located … adjacent to said rings.' As we held in *Lockwood*… that is not enough to satisfy the written description requirement."). Claim issuance is not determinative of adequate written description, and the Federal Circuit has invalidated patent claims for including matter outside the specification, despite the Patent Office's allowance. *See e.g. TurboCare*, 264 F.3d at 1126; *Purdue Pharma*, 230 F.3d at 1129. Although issuance over a §112 rejection invokes the presumption of validity, the Court is not bound by an Examiner's findings. *Purdue Pharma*, 230 F.3d at 1329 (Fed. Cir. 2000).

Claim 21 of the '096 patent recites an "image size/position control means." Image size/position control unit 39 shown in Figure 8 is corresponding structure for this means-plus-function clause. Reed Decl., Ex. 3, Order at 85. Specifically, this Court held that the claimed function of the structure depicted by Figure 8 is to generate the output column and

row address control signals of claim 21.  *See id.* at 89.  One purpose of the "image size/position control means" is to receive signals from the "timing control means" (in the words of claim 21, to be in "electrical communication with" the timing control means and "responsive to" the signals generated by the timing control means) and to use these signals to generate column and row address control signals to re-size, re-orient, or re-position an image, if instructed to do so.  *See, e.g.*, Col. 8, lines 38-46.

However, the sole inventor of the '096 patent admitted that the circuit depicted in Figure 8 of the '096 patent does not, will not, and cannot work at all, much less generate output column and row address control signals that implement the alleged invention of claim 21.  Specifically, sole inventor Jacques R. Hill admitted that the circuit depicted by Figure 8 is incapable of upsizing video images in either the horizontal or vertical directions.

> Q.    So as shown in figure 8, this circuit can't upsize at all, correct?
> A.    Correct.
> Q.    Okay.  And that's in the horizontal and vertical directions, correct?
> A.    Correct.

Reed Decl., Ex. 1, Hill Dep. 48:10-17 (deposition objections omitted throughout this brief; full text attached as Reed Decl., Ex. 1).  Mr. Hill also admitted that the circuit shown in Fig. 8 cannot shift images:

> Q.    So even if one wanted to use the column replicate values to shift the images, it still would shift the images inappropriately because it would at the end of whatever input images in memory, it would start displaying the beginning of the image again?
> A.    Yes.

*Id.* at 52:15-21.  Additionally, Mr. Hill admitted that the circuit shown in Figure 8 cannot rotate images or display mirror images:

> Q.    As shown, can the circuit diagram depicted by figure 8 rotate images?
> A.    No.
> Q.    And as shown, can the circuit of figure 8, is it capable of displaying a mirror image?

> A.    No.

*Id.* at 119:1-8.  Mr. Hill explained that the circuit shown in Figure 8 is incapable of carrying out any aspect of the invention as claimed, and instead will simply output a random sequence of bits:

> Q.    So figure 8 doesn't really work as it's intended to, correct?
> A.    Correct.
>
> *    *    *    *
>
> Q.    There's no resets to 0 functionality that's shown here in figure 8, correct?
> A.    Correct.
> Q.    So when the binary counter starts its count, the system really doesn't know where that count is starting off at, correct?
> A.    That's correct.
> Q.    Okay.  And so the column address and the row address, they're not going to be what the system is necessarily intending because the binary counters are preloaded with some random value, correct?
> A.    Correct.
>
> *    *    *    *
>
> Q.    Okay.  And as we discussed, the intended functionality of each of the inputs into figure 8 that is shown in table 12 is described in table 12, correct?
> A.    Yes.
> Q.    And as you've studied figure 8 today, do you agree that these intended functionalities are not consistent with the design of figure 8?
> A.    Correct.

*Id.* at 30:11-14; 49:14-50:3; 66:10-20.

As Mr. Hill admits, Figure 8 of the '096 patent does not disclose a functioning image size/position control unit.  Rather than "generating output column address control signals" and "generating . . . output row address control signals," as required by the Court's claim construction, Figure 8 will only output random bits.  Reed Decl., Ex. 1, Hill Dep. 49:14-50:3. Thus, the '096 patent contains no written description of any structure capable of "generating output column address control signals" or "generating . . . output row address control signals." This alone renders claim 21 invalid.  Moreover, because Figure 8 is not operable, the

specification also fails to provide any written description of anything capable of controlling the size, position, or orientation of a video image, as required by claim 21.[2]

Whether one of ordinary skill in the art could design a workable circuit in place of what is disclosed in Figure 8 is irrelevant to the "written description" analysis. Claim 21 of the '096 is invalid because it is clear that the inventor was not in possession of the invention as of the filing date. *Lockwood*, 107 F.3d at 1572 ("One shows that one is 'in possession' of *the invention* by describing *the invention*, with all its claimed limitations, not that which makes it obvious."). By his own admissions, Mr. Hill was not in possession of an invention capable of "controlling [the] size, position and orientation of a video image." The only "invention" Mr. Hill was in possession of at the time of the filing of the '096 patent was a circuit that output random bits.

### B.      Claim 21 of the '096 Patent is Indefinite.

35 U.S.C. § 112, ¶ 2 sets forth the "definiteness" requirement, which means that claims must be particular and distinct. The primary purpose of the definiteness requirement is to provide a clear warning to others as to what constitutes infringement of the patent. *Datamize, LLC v. Plumtree Software, Inc.* 417 F.3d 1342, 1347 (Fed. Cir. 2005). Furthermore, where a claim is expressed in means-plus-function format, the specification must set forth adequate disclosure showing what is meant by the claim language. *Biomedino, LLC v. Waters Techs. Corp.*, 490 F.3d 946, 948 (Fed. Cir. 2007). If an applicant fails to set forth an adequate disclosure for performing the claimed function of a means-plus-function limitation, the applicant

---

[2]     According to the specification, the (inoperable) circuit of Figure 8 is responsible for such functionality. "<u>The image size/position control unit 39 controls the relative size and position of the incoming video images</u> on the display screen. In response to signals received from the microprocessor 36,<u> the unit 39</u> determines the display screen size, <u>sizes the video image up or down to accommodate the display screen</u>, and reprograms the flat panel timing generator 29 to be compatible with the image size as is further explained below in connection with the description of FIG. 8." Reed Decl., Ex. 2, '096 patent at Col. 8, lines 38-46; *see also* Col. 23, lines 1-23.

has failed to particularly point out and distinctly claim the invention as required by § 112, ¶ 2. *Id.* A determination of claim indefiniteness is "a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Id.* at 949 (Fed. Cir. 2007). Although the issue of whether sufficient structure is disclosed in the specification is based on the understanding of one skilled in the art, "consideration of the understanding of one skilled in the art in no way relieves the patentee of adequately disclosing sufficient structure in the specification." *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1336 - 1337 (Fed. Cir. 2008). "[T]he testimony of one of ordinary skill in the art cannot supplant the total absence of structure from the specification." *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc*., 412 F.3d 1291, 1302 (Fed. Cir. 2005).

Because claim 21 is written in means-plus-function format, the fact that the specification fails to recite *any* structure *capable of carrying out the recited functionality* of claim 21 renders the claim invalid for indefiniteness. *Default Proof Credit Card System, Inc.*, 412 F.3d at 1300, 1302 ("To meet the definiteness requirement, structure disclosed in the specification must be clearly linked to *and capable of performing the function claimed by the means-plus-function limitation*.") (emphasis added). There is no structure described in the specification which is *capable* of "controlling [the] size, position and orientation of a video image," as claimed by claim 21. Furthermore, there is no structure disclosed by the '096 specification that is *capable* of performing the functionality of the "image size/position control means" of claim 21 as Mr. Hill admitted (i.e. the disclosed structure is only capable of outputting random bits).

### C.    Claim 21 of the '096 Patent is Not Enabled.

35 U.S.C. § 112, ¶ 1 also includes an "enablement" requirement, which means that the specification must describe "the manner and process of making and using" the invention so as to enable a person of skill in the art to make and use the full scope of the invention without undue

7

experimentation. 35 U.S.C. § 112; *see also LizardTech, Inc. v. Earth Res. Mapping, Inc*., 424 F.3d 1336, 1344-45 (Fed. Cir. 2005) (affirming summary judgment of invalidity under § 112). Enablement is a question of law. *Sitrick v. Dreamworks*, LLC, 516 F.3d 993, 999 (Fed. Cir. 2008) (affirming summary judgment of no enablement). Summary judgment of invalidity should be granted if the '096 patent specification fails to provide an enabling disclosure for a claim. *See id*. "[A]s part of the *quid pro quo* of the patent bargain, the applicant's specification must enable one of ordinary skill in the art to practice the full scope of the claimed invention. *AK Steel Corp. v. Sollac and Ugine*, 344 F.3d 1234, 1244 (Fed. Cir. 2003).

Mr. Hill plainly admitted that the '096 specification fails to disclose a functioning circuit. Although those admissions alone are sufficient to render claim 21 invalid, Mr. Hill went further, admitting that even he as the sole inventor could not easily redesign the image size/position control unit 39 of Figure 8 to actually work:

> Q.    Do you know what things you would change about figure 8 to make it
>       work correctly?
> A.    Not while I'm sitting here.
> Q.    Okay. You'd have to go and think about it for a while?
> A.    I would, yes.

Reed Decl., Ex. 1, Hill Dep. at 73:21-74:2. It's clear that one of ordinary skill in the art would need undue experimentation in order to make and use a system with the claimed functionality of claim 21, given the numerous problems contained in the design of the image size/position control means outlined in the '096 patent. Therefore claim 21 of the '096 patent is not enabled. *In re Swartz*, 232 F.3d 862, 863 (Fed.Cir.2000).

## V.    Conclusion

Claim 21 of the '096 patent is invalid under § 112 for four separate and distinct reasons, any one of which alone warrants summary judgment of invalidity: (1) lack of a sufficient written description in the specification, (2) indefiniteness, (3) lack of an enabling disclosure in the

specification, and (4) as explained in Defendants' claim construction briefing, failure to satisfy the "means-plus-function" requirements of § 112, ¶ 6.  Accordingly, for each of these reasons, Defendants respectfully request partial summary judgment that claim 21 of the '096 patent is invalid under 35 U.S.C. § 112.

Dated:  January 29, 2009                                       Respectfully submitted,

 /s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway
Suite 101
Tyler, TX  75703
Telephone:  (903) 534-1100
Facsimile:  (903) 534-1137
E-Mail:  efindlay@findlaycraft.com

William A. Streff, Jr., P.C.
Paul R. Steadman, P.C.
Craig D. Leavell
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, IL  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200
E-Mails:
wstreff@kirkland.com
psteadman@kirkland.com
cleavell@kirkland.com

*Attorneys for Hitachi, Ltd.,*
*Hitachi Automotive Products (USA), Inc.,*
*Clarion Co., Ltd.,*
*Clarion Corporation of America, and*
*Xanavi Informatics Corporation*

9

## CERTIFICATE OF SERVICE

The undersigned certifies that the DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112 OF ASSERTED CLAIM 21 OF THE '096 PATENT was filed electronically in compliance with Local Court Rule CV-5(a) on January 29, 2009. As such, these documents were served on all counsel who are deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Eric H. Findlay
Eric H. Findlay