**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **LG ELECTRONICS INC.,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br> )<br>**HITACHI, LTD.;** )<br>**HITACHI AUTOMOTIVE PRODUCTS (USA), INC.;** )<br>**CLARION CO., LTD.;** )<br>**CLARION CORPORATION OF AMERICA; and** )<br>**XANAVI INFORMATICS CORPORATION,** )<br> )<br> )<br>**Defendants.** )<br> )<br> )<br>**HITACHI, LTD.;** )<br>**HITACHI AUTOMOTIVE PRODUCTS (USA), INC.;** )<br>**CLARION CO., LTD.;** )<br>**CLARION CORPORATION OF AMERICA; and** )<br>**XANAVI INFORMATICS CORPORATION,** )<br> )<br> )<br>**Counterclaim Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**LG ELECTRONICS INC.,** )<br> )<br>**Counterclaim Defendant.** )<br> ) | **Case No. 5:07-CV-90 (DF)**<br>**The Honorable David J. Folsom** |

<u>**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY**</u>
<u>**OF ALL ASSERTED CLAIMS OF U.S.  PATENT NO. 7,158,456**</u>

This Court held that the definition of "audio file" in the '456 patent specification (i.e. exclusive of MP3 files) contradicts the usage of that term in the issued claims (i.e. inclusive of MP3 files). Levin Decl., Ex. 1, *Claim Constr. Order Re U.S. Patent No. 7,158,456*, D.E. 91 ("*'456 Markman Order*") at 28-29, 32-34. Faced with this contradiction, the Court construed "audio file" in accordance with the issued claims but recognized that "such a construction does not, of course, necessarily resolve any potential issues of enablement or written description support." *Id.* at 33. The Court acknowledged that a broad construction can invalidate a patent. *See id.* at 33-34.[1]

Pursuant to the '456 Markman Order, F.R.C.P. 56, L.R. 56, and the Court's Scheduling Order, Defendants move for partial summary judgment of invalidity of all asserted claims (Claims 17, 22, and 27) of U.S. Patent No. 7,158,456 ("the '456 patent") for failure to meet the requirements of 35 U.S.C. §§ 112 & 132. This Court held, and LGE admits, that: (a) the specification teaches that "audio files" are mutually-exclusive to MP3 files, and (b) LGE changed the meaning of "audio file" in the claims during prosecution to encompass MP3 files. Furthermore, LGE admits that the construed claims are nonsensical if applied to the "audio file" embodiments described in the specification. The undisputed evidence thus shows that the "audio file" limitation, as construed by the Court, is fatally inconsistent with the repeated and explicit teachings of the patent specification.

---

[1] The Court cited *Intervet Am., Inc. v. Kee-Vet Labs, Inc.*, 887 F.2d 1050, 1053 (Fed. Cir. 1989) ("Ambiguity, undue breadth, vagueness, and triviality are matters which go to claim validity for failure to comply with 35 U.S.C. § 112 ¶ 2, not to interpretation or construction."); *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008) ("A patentee who chooses broad claim language must make sure the broad claims are fully enabled."); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1380 (Fed. Cir. 2007) ("The irony of this situation is that Liebel successfully pressed to have its claims include a jacketless system, but, having won that battle, it then had to show that such a claim was fully enabled, a challenge it could not meet. The motto, 'beware of what one asks for,' might be applicable here.").

Based on these undisputed facts, each claim[2] of the '456 patent is invalid for failure to meet the patentability requirements of  35 U.S.C. § 112 on at least three separate and independent grounds, any one of which alone renders the claims invalid:  (a) the claims do not set forth what the applicant regarded as the invention in the specification because the meaning of "audio file" in the issued claims is fatally inconsistent with the specification as filed; (b) the "audio file" limitation, as construed by the Court, constitutes new matter and has no written description support in the specification; and (c) the construed claims are nonsensical in view of the described embodiments in the specification and thus lack enablement.

The issues regarding the "audio file" limitation have already been briefed and argued extensively during the Claim Construction proceedings, and analyzed by the Court in the '456 Markman Order.[3]   There is no genuine issue of material fact relevant to the matters presented in this Motion.  Accordingly, judgment of invalidity of the asserted claims under § 112 should be granted in Defendants' favor.

## I.	Statement of Issues to be Decided by the Court.

A) A patent with an irreconcilable contradiction between the specification and claims is invalid for failure to meet the requirements of 35 U.S.C. § 112 ¶ 2.  Are Defendants entitled to summary judgment as to the invalidity of the asserted claims?

B) A patent that fails to provide adequate written description in the specification to support the issued claims is invalid for failure to meet the patentability requirements of  35 U.S.C. § 112 ¶ 1 and is invalid for adding new matter under 35 U.S.C. § 132.  LGE admits that the meaning of the claimed "audio file" limitation, changed during prosecution, is different from the "audio file" limitation described in the specification.  Are Defendants entitled to summary judgment as to the invalidity of the asserted claims?

C) A patent that fails to enable the claims is invalid for failure to meet the patentability requirements of  35 U.S.C. § 112 ¶ 1.  LGE admits that the claims are nonsensical if applied

---

2	All independent claims of the '456 patent include the "audio file" limitation.

3	*See* Levin Decl., Ex. 1, *'456 Markman Order*, D.E. 91 at 28-34; Levin Decl., Ex. 2, LGE Br. at 23-25; Levin Decl., Ex. 3, Defs.' Br. at 60-65; Levin Decl., Ex. 4, LGE Rep. Br. at 19-20, 25; Levin Decl., Ex. 5, Defs.' Sur. Br. at 24-28; Levin Decl., Ex. 6, Markman Tr. at 49:18-20, 54:5-56:16, 61:12-62:4; 78:14-80:16 (LGE); 63:20-24, 64:7-67:20, 75:6-18 (Defendants).

to the only described embodiments of "audio file" in the specification.  Are Defendants entitled to summary judgment as to the invalidity of the asserted claims?

## II.     Statement of Undisputed Material Facts.

1)   The "audio file" limitation,  as construed by this Court, includes MP3 files.[4]

2)   The original specification, including the figures and originally-filed claims, consistently and without exception, distinguishes "audio files" from MP3 files.[5]

3)   LGE changed the meaning of  "audio file" during prosecution.[6]

4)   The claims of the '456 patent, as construed by the Court, are "nonsensical," "completely meaningless," and "indecipherable" when applied to the "audio file" embodiments taught in the original specification.[7]

## III.     Defendants are Entitled to Summary Judgment of Invalidity Under Section 112.

Summary judgment "is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998); Fed. R. Civ. P. 56(c).  To avoid summary judgment, "the nonmoving party must come forward with 'specific facts showing … a genuine issue for trial.'"  *Id*. at 587.  (quoting Fed. R. Civ. P. 56(e)).  Summary judgment is especially appropriate where, as here, the motion presents purely legal questions.  *See Pannu v. Storz Instr., Inc*., 258 F.3d 1366, 1370 (Fed. Cir. 2001) (affirming summary judgment of patent invalidity).

35 U.S.C. § 112 mandates a comparison of the issued claims to the teachings of the original specification, which consists of the application and original claims filed with the parent '376 application.[8]  The '456 Markman Order already analyzed the original specification, prosecution history, and claims. Its analysis and findings leave no room for the claims to be valid.

---

[4]     *See* Levin Decl., Ex. 1, *'456 Markman Order*, D.E. 91 at 33-34.

[5]     *Id*. at 28-29.  *See also* Levin Decl., Ex. 6, Markman Tr. at 55:15-21.

[6]     Levin Decl., Ex. 1, *'456 Markman Order*, D.E. 91 at 29,  but *cf. id.* at 32-33.  *See also* Levin Decl., Ex. 6, Markman Tr. at 56:10-16, 80:1-3; Levin Decl., Ex. 4, LGE Rep. Br. at 20.

[7]     *See, e.g.*, Levin Decl., Ex. 4, LGE Rep. Br. at 25; Levin Decl., Ex. 6, Markman Tr. at 54:5-55:23, 64:7-12, 64:24-65:2, 65:14-67:1.

[8]     *See* M.P.E.P. § 201.07 ("The disclosure presented in the continuation must be the same as that of the original
(Continued…)

3

**A.    Defendants Are Entitled to Summary Judgment of Invalidity Because the Claims Do Not Set Forth What the Applicant Regarded as His Invention.**

Paragraph 2 of Section 112 of the Patent Act, 35 U.S.C. § 112, ¶ 2,  requires that "[t]he specification shall conclude with one or more claims particularly pointing out . . . the subject matter which the applicant regards as his invention."    *See also Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1377 (Fed. Cir. 2000).  Although issuance invokes the presumption of validity, the Court is not bound by an Examiner's findings.  *Purdue Pharma L.P. v. Faulding Inc.*, 230 F.3d 1320,1329 (Fed. Cir. 2000).  "Where it would be apparent to one of skill in the art, based on the specification, that the invention set forth in a claim is not what the patentee regarded as his invention, we must hold that claim invalid under § 112, paragraph 2." *Allen Eng'g Corp. v. Bartell Indus., Inc.,* 299 F.3d 1336, 1349 (Fed. Cir. 2002).  Stated another way, the Court must find "invalidity when there is an irreconcilable contradiction within the patent." *Enzo Life Sci., Inc. v. Digene Corp.*, 305 F. Supp. 2d 406, 410 (D. Del. 2004) (citing *Allen Eng'g Corp.,* 299 F.3d at 1349).  This Court already has all the necessary facts to hold the '456 patent invalid under Section 112 ¶ 2.  When a contradiction in the patent "is apparent from a simple comparison of the claims with the specification," the claims are invalid.  *Allen Eng'g Corp.,* 299 F.3d at 1349.

There can be no dispute that, as construed, the "audio file" limitation is ***inclusive*** of MP3 files.  *See supra* note 4.  But this Court has already held that the original specification teaches audio files that are ***mutually exclusive*** to MP3 files.  The "specification, on the other hand, consistently and without exception in every section distinguishes 'audio files' from MP3 files"; the "figures likewise maintain the distinction between audio file and MP3 file"; and  "the

---

application"); *Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998) (the original claims as filed are part of the specification).

patentees had made the very same distinction in the originally-filed claims, e.g., claims 7 and 8."

*See supra* note 5.  Indeed, LGE admits as much.[9]

The "audio file" limitation cannot be <u>*inclusive*</u> of MP3 files (as indisputably required by the construed claims) and simultaneously <u>*exclusive*</u> of MP3 files (as indisputably required by the specification).  There is thus an admitted, indisputable, irreconcilable contradiction between the specification and construed claims of the '456 patent.  Figure 1 illustrates this contradiction.



**Figure 1: Contradiction Between Specification and Claims**

LGE has already admitted to the severity of this contradiction by agreeing that the construed claims are nonsensical in view of the "audio file" embodiments (exclusive to MP3 files) taught in the original specification.  *See supra* note 7; Levin Decl., Ex. 6, Markman Tr. at 55:1-8 (Attorney arguing on behalf of LGE) (emphasis added):

> NOW WAIT A MINUTE, **THEY ARE SAYING THAT AUDIO FILE CAN'T BE A MP3 FILE**. SO **THIS MAKES NO SENSE AT ALL.** THE WHOLE CONSTRUCT OF THE CLAIM IS TO FIGURE OUT WHETHER THIS AUDIO FILE IS IN FACT A MP3 FILE OR NOT. **SO JUST THEIR CONSTRUCTION**[10] [*i.e.*, a MP3 file is not an "audio file"] **ABSOLUTELY RENDERS THIS CLAIM COMPLETELY MEANINGLESS, INDECIPHERABLE. IT MAKES NO SENSE AT ALL.**

---

9   *See* Levin Decl., Ex. 6, Markman Tr. at 55:15-20 (Attorney arguing on behalf of LGE, with emphasis added):

   THE SPECIFICATION IN MANY PLACES -- AND THEY ARE GOING TO POINT THOSE OUT WHEN THEY STAND UP HERE -- SAYS AUDIO FILE, COMMA, MP3 FILE, COMMA, AND OTHER TYPES OF AUDIO, ETCETERA. SO THEY'RE SAYING, HEY, **THE SPECIFICATION MAKES CLEAR THAT AUDIO IS DIFFERENT THAN MP3**. **IT CERTAINLY DOES, IT DOES HAVE THAT TYPE OF LANGUAGE IN THERE.**

10   Defendants' construction, rejected by this Court, was based on the original specification, which repeatedly distinguishes MP3 files from "audio files."  LGE admits that the specification makes clear that an MP3 file is not an "audio file."  *See supra* note 9.

Here, as in *Allen Eng'g. Corp.*, a simple comparison of the claims with the specification reveals an indisputable and irreconcilable contradiction between the '456 patent claims, as construed, and the specification. *Allen Eng'g Corp.,* 299 F.3d at 1349. The Court has already noted this contradiction. This is exactly the situation that Section 112, ¶ 2 was intended to prevent—a competitor reading the specification and claims cannot reasonably tell what will infringe the patent, and what will not. Because there are no disputed facts relevant to this issue, summary judgment is proper on this ground alone. 35 U.S.C. § 112, ¶ 2; *Enzo Life Sci.,* 305 F. Supp. 2d at 410.

**B.    Defendants Are Entitled to Summary Judgment of Invalidity Because the Claims Lack Written Description In The Specification.**

Paragraph 1 of Section 112 of the Patent Act, 35 U.S.C. § 112, ¶ 1, sets forth the "written description" requirement and requires that "[t]he specification shall contain a written description of the invention." This Section 112, ¶ 1 written description requirement is separate from the Section 112, ¶ 2 requirement discussed above. The written description requirement is used "to prevent the addition of new matter to the claims." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 424 F.3d 1161, 1165 (Fed. Cir. 2005). "The purpose of the written description requirement is to prevent an applicant from later asserting that he invented that which he did not; the applicant for a patent is therefore required 'to recount his invention in such detail that his future claims can be determined to be encompassed within his original creation.'" *Id.* "Compliance with § 112 requires sufficient information in the specification to show that the inventor possessed the invention at the time of that original disclosure…. for the purposes of the written description analysis, this court's focus is on the original disclosure." *Id*. *See also TurboCare Div. of Demag Delaval Turbomachinery Corp. v. General Elec. Co.*, 264 F.3d 1111, 1118 (Fed. Cir. 2001) ("The written description requirement and its corollary, the new matter prohibition of 35 U.S.C. § 132, both serve to ensure that the patent applicant was in full possession of the claimed subject matter on

the application filing date.  When the applicant adds a claim or otherwise amends his specification after the original filing date . . . the new claims or other added material must find support in the original specification.").

LGE admits that it changed the meaning of "audio file" from being <u>exclusive</u> of MP3 files (as indisputably required by the specification) to being <u>inclusive</u> of MP3 files (as indisputably required by the construed claims) ***after*** the original specification was filed.  *See supra* notes 4-6.  In fact, LGE argues that it amended the claims and ***redefined*** the "audio file" limitation in 2005, almost ***four years*** after the original specification was filed.  *See* LGE Rep. Br. at 20[11]; *see also*  Levin Decl., Ex. 6, Markman Tr. at 56:12-16 (Attorney arguing on behalf of LGE that during prosecution, the meaning of "audio file" was "actually changed.").

There is no dispute that the "audio file" limitation was redefined during prosecution to be inconsistent with the original specification.  *See supra* note 6.  In fact, every embodiment of "audio file" described in the original specification (*i.e.*, exclusive of MP3 files) teaches away from the later, amended "audio file" limitation (*i.e.*, inclusive of MP3 files).  *See supra* note 5. The parties agree that the construed claims are nonsensical if the "audio file" limitation is used as defined in the original specification.  *See supra* note 7.   Clearly, if the amended claims are nonsensical in view of the original specification,  the inventors could not possibly have been in possession  of  the  amended  claims  at  the  time  the  original  specification  was  filed.    Thus,  the amended "audio file" limitation constitutes new matter, and the claims are invalid.  *TurboCare*, 264 F.3d at 1118 ("the new claims…must find support in the original specification.").

---

[11]    In response to Defendants' claim construction brief which focused on the definition of "audio file" in the original specification and originally filed claims 7 & 8 (*i.e.*, exclusive of MP3 files),  LGE argued that it <u>changed</u> the definition of  "audio file" (*i.e.*, inclusive of MP3 files) with a March 22, 2005 amendment to the claims.  "Defendants cite to originally filed claims 7 and 8 of the '376 patent application but fail to refer to a Reply to an Office Action in which the applicants amended claim 7 to recite "wherein if the extension of the audio file is 'mp3', the step (b) discriminates the audio file as an MP3 audio file" and amended claim 8 to recite "wherein if the extension of the audio file is 'wav', the step (b) discriminates the audio file as a CD audio file. Response to Office Action dated September 22, 2004, at Defs.' Ex. 28, doc. 51-3, pg. 55."  Levin Decl., Ex. 4, LGE Rep. Br. at 20; Levin Decl., Ex. 7, LGE's March 22, 2005 Response to Office Action dated September 22, 2004.

Because there are no disputed facts relevant to this issue, summary judgment is proper. This Court should invalidate the asserted claims of the '456 patent for lack of written description support and as violating the prohibition against the addition of new matter during prosecution.

### C.     Defendants Are Entitled to Summary Judgment of Invalidity Because the Claims Are Not Enabled.

Paragraph 1 of Section 112  of the Patent Act, 35 U.S.C. § 112, ¶ 1, also sets forth the "enablement" requirement and requires that: "[t]he specification shall contain . . .the manner and process of making and using [the invention] … as to enable any person skilled in the art to which it pertains . . . to make and use the same."   The "enablement requirement is satisfied when one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1378-79 (Fed. Cir. 2007).  "[A]s part of the *quid pro quo* of the patent bargain, the applicant's specification must enable one of ordinary skill in the art to practice the *full scope* of the claimed invention." *Id.* at 1380.  "[T]he relevant inquiry [is] whether one skilled in the art would have been able to make and use [the invention] at the time of the patent's effective filing date." *Id.*  The patent must enable all embodiments within the scope of the claims.  *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 1000 (Fed. Cir. 2008).

"[W]here the specification teaches against a purported aspect of the invention, such a teaching is itself evidence that at least a significant amount of experimentation would have been necessary to practice the claimed invention." *Liebel-Flarsheim Co.*, 481 F.3d at 1379 (internal quote omitted).  "A claimed invention having an inoperable or impossible claim limitation . . . certainly lacks an enabling disclosure under 35 U.S.C. § 112." *EMI Group N. Am., Inc. v. Cypress Semiconductor Corp.*, 268 F.3d 1342, 1348 (Fed.Cir.2001).  "[W]hen an impossible limitation, such as a nonsensical method of operation, is clearly embodied within the claim, the claimed invention must be held invalid."). *Id.* at 1349.

There is no dispute that the specification describes "audio files" which are exclusive to MP3 files and thereby "teaches against" the construed "audio file" limitation. *See supra* notes 4-5; *Liebel-Flarsheim Co.*, 481 F.3d at 1379.   There is no dispute that the claims are nonsensical if applied to the only "audio file" embodiments described in the specification. *See supra* note 7. "A claimed invention having an inoperable or impossible claim limitation . . . certainly lacks an enabling disclosure under 35 U.S.C. § 112." *EMI Group N. Am.*, 268 F.3d at 1348.  Based on the undisputed fact that the claims are nonsensical in view of the embodiments described in the original specification, the '456 patent is incapable of meeting the Section 112 patentability requirements. *Id.* at 1349.  In accordance with Federal Circuit law and  35 U.S.C. § 112, ¶ 1, this Court should invalidate the asserted claims of the '456 patent for lack of enablement.

## IV.     Conclusion.

For all of the reasons set forth above, Defendants respectfully request that the Court grant summary judgment of invalidity of all asserted claims of the '456 Patent.

9

Dated: February 6, 2009

Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway
Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
E-Mail: efindlay@findlaycraft.com

William A. Streff, Jr., P.C.
Paul R. Steadman
Craig D. Leavell
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200
E-Mails:
wstreff@kirkland.com
psteadman@kirkland.com
cleavell@kirkland.com

*Attorneys for Hitachi, Ltd.,*
*Hitachi Automotive Products (USA), Inc., Clarion*
*Co., Ltd.,*
*Clarion Corporation of America, and*
*Xanavi Informatics Corporation*

10

## CERTIFICATE OF SERVICE

The undersigned certifies that the DEFENDANTS' MOTION FOR PARTIAL SUM-MARY JUDGMENT OF INVALIDITY OF ALL ASSERTED CLAIMS OF U.S.  PATENT NO. 7,158, 456 was filed electronically in compliance with Local Court Rule CV-5(a) on February 6, 2009.  As such, these documents were served on all counsel who are deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ Eric H. Findlay
Eric H. Findlay

11